**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SUSANA VIRGINIA GONZALEZ, | No. 07-74351 |
| Petitioner, | Agency No. A070-778-918 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2009[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Susana Virginia Gonzalez entered the United States and applied for asylum in 1993. In a 2004 removal hearing, under pressure from the immigration judge, Gonzalez's attorney waived the asylum claim without her consent, admitting that he was not prepared to represent the claim. The Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denied the motion to remand, concluding that counsel's performance was not deficient and that Gonzalez did not suffer prejudice due to changed conditions.

We have jurisdiction under 8 U.S.C. § 1252(a). We hold that Gonzalez's due process rights were violated by her attorney's ineffective assistance and that her asylum claim was prejudiced. We remand to the Board of Immigration Appeals with instructions to remand for an asylum hearing.

Gonzalez's attorney rendered ineffective assistance by withdrawing the asylum claim solely because he was unprepared.[1] When the immigration judge ordered counsel to defend the asylum claim that day or waive it, the attorney replied, "I'm not prepared today, Your Honor. We will not do it today." An immigration attorney renders ineffective assistance by forfeiting claims due to failure to timely prepare for deadlines or hearings. *See Lin v. Ashcroft*, 377 F.3d 1014, 1025 (9th Cir. 2004); *Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003).

---

[1] Gonzalez sufficiently complied with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000) (requiring substantial compliance). First, Gonzalez wrote to her attorney and gave him an opportunity to respond to her allegations. Second, Gonzalez filed a complaint with the California Bar; the complaint need not be successful. Third, Gonzalez filed a declaration with her appeal to the Board stating that she never authorized her attorney to withdraw her asylum claim. It was clear from the record that counsel had agreed to represent her on the asylum claim. Counsel stated to the immigration judge that he intended to proceed with the asylum application if the cancellation of removal application was denied. This constitutes substantial compliance. *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002).

2

As Gonzalez's attorney admitted that he only waived the claim because he was unprepared, it is clear that the waiver was not "'trial strategy,' sound or otherwise." *Lin*, 377 F.3d at 1027. By definition, waiving the claim deprived Gonzalez of a reasonable opportunity to present her claim. "Counsel's unreasonable failure to investigate and present the factual and legal basis of [Gonzalez's] asylum claim . . . amount[s] to ineffective assistance of counsel." *Id.* at 1025.

Gonzalez has also established prejudice. The Board of Immigration Appeals must address both possible grounds for asylum: past persecution and a well-founded fear of future persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir. 2003) (holding that in failing to address the petitioner's claim of a well-founded fear of future persecution, the Board abused its discretion). The Board wholly failed to address whether Gonzalez could plausibly show past persecution. Instead, the Board appeared to assume Gonzalez *could* establish past persecution and relied only on changed conditions in Guatemala after the end of the civil war. The Board stated, "[W]e do not find an adequate showing of prejudice, as the respondent has not sufficiently established that her approximately 14 year old asylum claim has any *continuing* merit." (emphasis added).

If the Board had considered past persecution, it would likely have concluded (as it appeared to assume) that Gonzalez can plausibly show past persecution on

3

the basis of political opinion. Gonzalez's brother was killed in the Guatemala Civil War because the guerillas forced him to desert the government's civil defense unit. Her father-in-law was killed by guerillas. The guerillas also threatened Gonzalez and her husband with death for her husband's service in the civil defense unit. Her brother's and father-in-law's murders show that it was likely the death threats would be carried out. *See Gonzalez v. INS*, 82 F.3d 903, 909 (9th Cir. 1996) ("The violence actually committed against other members of [the petitioner's] family, and repetition of threats to her, made her fear of violence well founded.").

Without addressing whether Gonzalez had shown a plausible claim of past persecution, the Board could not permissibly rely on changed country conditions in Guatemala. Past persecution creates a presumption of a well-founded fear of future persecution, which can only be rebutted by an individualized analysis: "[Determining] whether . . . a particular applicant's fear is rebutted by general country conditions information requires an individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports. . . . Information about general changes in the country is not sufficient." *Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir. 2000).

Where no individualized determination has been made with respect to changed country conditions, we must usually remand to the Board for a

4

determination of whether the government has met its burden to rebut the presumption of past persecution. *See Chand*, 222 F.3d at 1078. However, in this case, remand to the immigration judge is necessary because neither we nor the Board may take judicial or administrative notice of the effect of political changes in a petitioner's country without a hearing and giving the petitioner "a fair opportunity to present evidence to the contrary." *See Gonzalez*, 82 F.3d at 910–11 ("It may be that, were the petitioners given an opportunity to respond to the INS view of the effect of the change in government, they could make no case for a well-found fear. . . . But the agency should not have assumed away petitioners' case.") (internal quotation marks omitted). Likewise, remand is necessary because Gonzalez was never allowed to testify or elaborate as to the persecution she and her family faced in Guatemala, and the immigration judge never determined whether Gonzalez was credible. Most importantly, Gonzalez was not given the chance to show that the danger to her remains despite the end of the Guatemala Civil War. "Remand [to the immigration judge] is generally necessary when an alien is prevented from reasonably presenting her case or when an IJ's actions prevent the introduction of significant testimony." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010).

5

The petition for review is **GRANTED**, and we **REMAND** the case to the BIA with instructions to remand to the IJ for an asylum hearing.